**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE JAMES STREIBICH REVOCABLE TRUST OF 2002, an Illinois Trust, individually, and derivatively, on behalf of FOLDING LIGHT, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| BROCK H. FLAGSTAD, an individual; OXFORD MARKETING PARTNERS, LLC, a Delaware Limited Liability Company; OXFORD MEDIA, LLC, an Illinois Limited Liability Company; OXFORD TAX PARTNERS, LLC, an Illinois Limited Liability Company; OXFORD FG, LLC, an Illinois Limited Liability Company; OXFORD GP, LLC, an Illinois Limited Liability Company; FINANCIAL FREEDOM ADVISORS, LLC, an Illinois Limited Liability Company; and CLOVERPOINT PARTNERS, LLC, an Illinois Limited Liability Company; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES,**
**AND APPOINTMENT OF A RECEIVER**

Plaintiff, THE JAMES STREIBICH REVOCABLE TRUST OF 2002, an Illinois Trust,

individually ("the Trust"), and derivatively, on behalf of FOLDING LIGHT, LLC, a Delaware

Limited Liability Company ("Folding Light") (hereinafter collectively "the Plaintiffs"), by its

attorneys, Sheppard, Mullin, Richter & Hampton, LLP, for its Complaint for Injunctive Relief,

Damages and Appointment of a Receiver, against the Defendants BROCK H. FLAGSTAD

("Flagstad"), OXFORD MARKETING PARTNERS, LLC ("Oxford Marketing"), OXFORD

MEDIA, LLC ("Oxford Media"), OXFORD TAX PARTNERS, LLC ("Oxford Tax"), OXFORD

FG, LLC ("Oxford FG"), OXFORD GP, LLC ("Oxford GP") (hereinafter collectively referred to

herein as "Oxford"), FINANCIAL FREEDOM ADVISORS, LLC ("FFA"); and

CLOVERPOINT PARTNERS, LLC ("Cloverpoint") (collectively, "the Defendants"), allege as

follows:

## NATURE OF THE CASE

1.     This action arises out of Defendants' scheme to defraud the Trust of over $2,000,000.00

by inducing the Trust to invest in Folding Light to provide it with trading capital for

crypto currency and securities trading.  Instead, Flagstad converted Trust funds for his

own personal use and benefit.  In order to secure the monies from the Trust, Flagstad

falsely represented that an investment from the Trust would be used as trading capital for

Folding Light's E-mini futures, U.S. Treasury and crypto currency trades.  Flagstad

represented engaging in "live" trading was critical to Folding Light's ability to

demonstrate that its proprietary trading platform was viable and would generate actual

returns.  Without active trading, Folding Light would not be able to attract significant

additional outside capital to build the business.  However, with active trading, Flagstad

represented it would be able to attain significant growth and returns.

2.     The Trust, based upon Flagstad's representations, invested $2,000,000 into Folding

Light.  Flagstad, however, ended up siphoning trading capital the Trust invested with

Folding Light to outside banking accounts and his other ventures, including Oxford,

Financial Freedom Advisors and Cloverpoint.  The Trust brings this action individually,

and derivatively on behalf of Folding Light, both of whom have been irreparably

damaged as a result of Flagstad's unlawful conduct for violations of Section 1962(c) of

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count I), Conspiracy to Violate Section 1962(c) of RICO, 18 U.S.C. § 1962(d) (Count II), Common Law Fraud (Count III), Conversion/Theft (Count IV), Breach of Fiduciary Duty (Count V), Breach of Contract (Count VI), Civil Conspiracy (VII), and for an Accounting (VIII).

**PARTIES**

3.   Plaintiff The James Streibich Revocable Trust of 2002, ("the Trust") is an Illinois Trust, with its principal office located in Chicago, Illinois. The Trust maintains a membership interest in Folding Light.

4.   Plaintiff Folding Light, LLC, ("Folding Light") is a Delaware Limited Liability Company, with its principal place of business located in Chicago, Illinois at 215 W. Ohio Street.

5.   Defendant Brock Flagstad ("Flagstad") is an individual domiciled in Sea Island, Georgia. Flagstad maintains a membership in Folding Light and acts as its Lead Manager.

6.   Defendant Oxford Marketing Partners, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business located in Chicago, Illinois at 215 W. Ohio Street. Flagstad is a member of and controls Oxford Marketing Partners, LLC.

7.   Oxford Media, LLC is a limited liability company organized under the laws of the state of Illinois with its principal place of business located in Chicago, Illinois at 215 W. Ohio Street. Flagstad is a member of and controls Oxford Media, LLC.

8.  Oxford Tax Partners, LLC is a limited liability company organized under the laws of the state of Illinois with its principal place of business located in Chicago, Illinois at 215 W. Ohio Street.  Flagstad is a member of and controls Oxford Tax Partners, LLC.

9.  Oxford FG, LLC is a limited liability company organized under the laws of the state of Illinois with its principal place of business located in Chicago, Illinois at 215 W. Ohio Street.  Flagstad is a member of and controls Oxford FG, LLC.

10. Oxford GP, LLC is a limited liability company organized under the laws of the state of Illinois with its principal place of business located in Chicago, Illinois at 215 W. Ohio Street.  Flagstad is a member of and controls Oxford GP, LLC.

11. Financial Freedom Advisors, LLC ("FFA") is a limited liability company organized under the laws of the state of Illinois with its principal place of business located in Chicago, Illinois at 215 W. Ohio Street.  Flagstad is a member of and controls Financial Freedom Advisors, LLC.

12. Cloverpoint Partners, LLC ("Cloverpoint") is a limited liability company organized under the laws of the state of Illinois with its principal place of business located in Chicago, Illinois at 215 W. Ohio Street.  Flagstad is a member of and controls Cloverpoint Partners, LLC.

## JURISDICTION AND VENUE

13. Original jurisdiction over this matter exists pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c).  The Court also has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367.

-4-

14.     Venue of this action is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

15.     Flagstad has started numerous limited liability companies ("Flagstad Companies") in Chicago – most, if not all, of which are located at the same address of 215 West Ohio Street.  Upon information and belief, Flagstad Companies also share the same accountant and law firm for advisory services.  Flagstad furthermore is the dominant member of each Flagstad Company and he maintains control of all financial accounts and matters.

16.     Flagstad has solicited millions of dollars in private equity funds for Flagstad Companies from numerous prominent Chicago-area investors.  Flagstad's common business model is to start a company that purportedly develops a revenue stream through the collection and/or sale of data.  Flagstad Companies include a variety of industry sectors, including healthcare and tax.  Upon information and belief, once formed, Flagstad then seeks out millions of dollars in investment capital with the promise of rapid growth and above market returns to investors.  Flagstad's Companies all take the form of either Delaware or Illinois limited liability companies.  Most, if not all, do business in Chicago from the same offices located at 215 West Ohio Street.  Flagstad Companies also share the same law and accounting firms for advisory services.

17.     Upon information and belief, the web of Flagstad Companies include:

- Folding Light, LLC (SOS File No. 06762271)

- Folding Light, LLC (SOS File No. 07037198)

- Folding Light BC, LLC (SOS File No. 07036809)

- Folding Light, FX LLC (SOS File No. 07036787)

- Oxford Marketing Partners, LLC (SOS File No. 07036418)

- Oxford Media, LLC (SOS File No. 07389493)

- Oxford Tax Partners, LLC (SOS File No. 05327865)

- Oxford FG, LLC (SOS File No. 07389566)

- Oxford GP, LLC (SOS File No. 07956983)

- Financial Freedom Advisors (SOS File No. 04225376)

- In Parallel, LLC (SOS File No. 03399729)

- Two Screens Media, LLC (SOS File No. 05132436)

- Press Media Group, LLC (SOS File No. 05902665)

- Channel Clarity Holdings, LLC (SOS File No. 04164334)

- Channel Clarity Holdings, Inc. (SOS File No. 64272624)

- Brookside Capital, LLC (SOS File No. 07046855)

- Cloverpoint Partners, LLC (SOS File No. 04225414)

**FLAGSTAD'S SWINDLE**

18.     On or about May 2018, Flagstad approached the Trust through its Trustee James Streibich ("Streibich") to solicit an investment in Folding Light.  Flagstad represented that Folding Light had developed a proprietary financial trading platform to trade securities and bitcoin and other crypto-based currencies.  Flagstad represented that Folding Light's proprietary trading platform for block chain currency trading was unique in the Financial Technology ("Fin Tech") industry.  He further represented to the Trust that Folding Light was looking for trading capital in order to activate its trading strategies.  With trading capital it could validate its business model and build Folding

Light into a significant market participant. Flagstad represented that trading platform "back testing" had demonstrated significant financial returns. And, with the trading capital from the Trust, Folding Light could demonstrate actual returns which would allow it to: 1) attract significant additional outside private equity investment, and 2) be able to leverage the trading capital at multiple times its value.

19.   Flagstad represented and warranted to the Trust that, in exchange for an investment of $2,000,000 to be used for trading capital, the Trust would acquire a preferred interest in Folding Light. Flagstad further represented and warranted that the Trust funds received would be used only for Folding Light trading capital. As recently as January 29, 2020 during a conference call with Streibich, and Flagstad's attorney Stan Sneeringer, Flagstad reaffirmed that the Trust's capital was to be used only for trading capital when he explained the rationale behind the creation of the Trust's $743,000 Promissory Note Folding Light owed to the Trust.

20.   The Trust, through its Trustee, Streibich, told Flagstad that the Trust was interested in investing in Folding Light to provide trading capital in response to Flagstad's representations. Flagstad reaffirmed his promise that the Trust's funds would only be used for trading capital, not to fund Folding Light business expenses, and that business expenses were the responsibility of himself and Folding Light Member, Kasey Klaas. In May 2018, the Trust, in reliance upon Flagstad's representations and warranties, invested $2,000,000 into Folding Light. The Trust received in exchange a membership interest in the form of preferred capital in Folding Light.

21.   Upon information and belief, only a matter of weeks after the Trust's investment, Flagstad began siphoning money from Folding Light's account to himself and to Flagstad

Company FFA.  Upon information and belief as of this filing, between June 1 and July 24, 2018, Flagstad took $340,000 of Folding Light cash and transferred it to himself and FFA.  In the Fall of 2018, the Folding Light trading team and other members departed to start a competing trading company.  Folding Light thereafter filed suit against former Folding Light Members and employees, including Kasey Klaas, in the United States District Court for the Northern District of Illinois. *See* Folding Light, LLC v. Kasey Klaas, et al., Case No. 1:19-cv-03949 (N.D. Ill. filed June 12, 2019).  The Defendants responded with counterclaims against Flagstad for conversion and breach of fiduciary duty.  The counterclaims allege that Flagstad converted over $340,000 from Folding Light and transferred the funds to a Flagstad Company FFA.

22. The Trust, upon learning of the counterclaim against Flagstad, inquired of the claim. Flagstad denied converting funds and represented that the counter claimants did not understand accounting.  With financial trading on hold due to the abrupt departure of Folding Light's trading team and funds in Folding's Light's account, Flagstad approached Streibich regarding establishing a Revolving Credit Line of $200,000 with Folding Light then loaning up to this amount to Flagstad's Company Oxford Marketing Partners.  Streibich agreed to this loan to Oxford Marketing Partners with the inclusion of interest payable on a monthly basis to Folding Light.  On information and belief, Flagstad and Oxford Marketing Partners made the first four interest payments but have not made any further payments, and have not returned the $200,000 principal to Folding Light. Instead, upon information and belief, Oxford Marketing Partners has kept the Folding Light funds for its own personal use and benefit along with Flagstad.

23.     In the summer of 2019, Flagstad moved his residence from Chicago to Sea Island, Georgia.  Folding Light was no longer operational and remained embroiled a dispute with its former trading team and Folding Light Members.  With Flagstad's move to Georgia, the Trust was finding it difficult to receive information from him regarding Folding Light's finances.  Flagstad became increasing unavailable to discuss Folding Light and repeatedly ignored the Trust's requests for updated Company reports regarding its financial affairs.

**FLAGSTAD'S CONTINUED EMBEZZLEMENT FROM FOLDING LIGHT**

24.     Flagstad has a rapacious personal need for cash to support his lavish lifestyle of private jets and expensive cars.  Upon information and belief, his cash needs exceeded any compensation he received from Oxford or his other sources of income.  To meet his personal spending, Flagstad has been systematically and secretly taking hundreds of thousands of dollars in cash from Folding Light and diverting it to bank accounts outside of Folding Light including Oxford, FFA and Cloverpoint.

25.     Upon information and belief, Flagstad most recently may have created phony invoices and/or expense records to substantiate the hundreds of thousands of dollars he transferred from Folding Light to Oxford. Since Flagstad retains complete control over Folding Light's books and records, the Trust has little to no understanding of the Company's financial affairs.  And despite the Trust's repeated requests to review Folding Light's books and records, Flagstad has refused to produce them and/or to provide an accounting of the use of Folding Light assets.

26.     The Trust in late 2019 persisted in seeking financial information regarding Folding Light from Flagstad, without success.  With Flagstad's failures to communicate to the Trust, its

concern and suspicion of Flagstad increased. As a result, in February 2020 Streibich decided to go directly to one bank where he knew Folding Light maintained an account. He was able to obtain partial banking information that startingly revealed that Flagstad— beginning as early as January 2019 and without notifying Folding Light Members, notifying the management committee, providing collateral, or requesting the Trust's consent for a related party transaction as was done just one month prior for the Revolving Line of Credit Line—made at least $849,000 in unauthorized secret cash wire transfers from Folding Light to bank accounts outside of Folding Light which Flagstad controls. Flagstad has refused to provide a justification for his purloining of Folding Light cash.

27.     The partial bank records that were recovered reveal Flagstad's illegal cash wire transfers from Folding Light in the following stunning amounts:

| Date | Account | Amount ($) |
| --- | --- | --- |
| 06-04-19 | 4494 | 50,000 |
| 06-05-19 | 4494 | 25,000 |
| 06-14-19 | 4494 | 125,000 |
| 06-24-19 | 4494 | 100,000 |
| 07-01-19 | 4494 | 100,000 |
| 08-15-19 | 4494 | 44,269 |
| 08-27-19 | 1146 | 50,000 |
| 09-17-19 | 4494 | 100,000 |
| 10-21-19 | 4494 | 25,000 |
| 11-13-19 | 1146 | 16,332 |
| 11-18-19 | 4494 | 25,000 |
| 11-20-19 | 4494 | 15,000 |

-10-

| | | |
|---|---|---|
| 12-02-19 | 4494 | 25,000 |
| 12-10-19 | 4494 | 15,000 |
| 12-16-19 | 4494 | 40,000 |
| 12-19-19 | 4494 | 7,500 |
| 01-09-20 | 4494 | 50,000 |
| 01-16-20 | 4494 | 21,000 |
| 02-07-20 | 4494 | 15,000 |
| | | $849,100.73 |

28.     Upon information and belief, Flagstad stole Folding Light funds in order to funnel cash through Oxford into his own pockets to feed his lavish life style and maintain his image with private equity investors in Flagstad Companies.  Flagstad's conversion of Folding Light cash from the Trust and Folding Light is a breach of his fiduciary duty owed to the Trust and Folding Light.

**COUNT I**
**(Violation of RICO, 18 U.S.C. § 1962(c))**

29.     The Trust and Folding Light reallege paragraphs 1 through 28 as though fully set forth herein.

30.     The Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it unlawful "for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affected, interstate or foreign commerce." 18 U.S.C. § 1962(c).

31. Each Defendant is a "person" within the meaning of 18 U.S.C. § 1961(3) who conducted or participated, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

32. The Defendants constitute an "enterprise" within the meaning of 18 U.S.C. § 1961(4) because their association furnished a vehicle for the commission of at least two predicate acts of racketeering activity enumerated in 18 U.S.C. § 1961(1)(B) ("the Enterprise").

33. The Enterprise has an ascertainable, legitimate, and ongoing structure separate and apart from that inherent in the pattern of racketeering activity that the Defendants engaged in. Flagstad, Oxford, FFA, and Cloverpoint are persons distinct from the Enterprise.

34. At all relevant times, each of the Defendants was associated with the Enterprise, exerted control over the Enterprise, and participated directly or indirectly in the operation and management of the affairs of the Enterprise.

35. The Enterprise engaged in and affected interstate commerce through the use of the mails and wires to communicate through telephone, e-mail and to transfer assets and funds between persons in the Enterprise.

36. The Defendants' committed several acts that constituted an unlawful scheme or artifice of racketeering intended to defraud, or to obtain money or property through false or fraudulent pretenses, representations, or promises, in violation of 18 U.S.C. § 1341 (mail fraud), 1343 (wire fraud), and 2314 (interstate transportation of stolen property).

37. The Defendants conducted and participated in the affairs of the Enterprise through a pattern of racketeering activity that includes acts indictable under 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), and 2314 (interstate transportation of stolen property), as described herein.

38.     The mails and wires were used on numerous occasions in furtherance of the foregoing scheme or artifice against the Plaintiffs and others.

39.     Upon information and belief, Flagstad, Oxford, FFA and Cloverpoint communicated with one another through the use of electronic mail and/or telephone in order for cash transfers and "loans" to be made from Folding Light to Flagstad, Oxford, FFA and Cloverpoint. Information relating to additional victims is exclusively within the Defendants' control.

40.     Upon information and belief, Flagstad, Oxford, FFA and Cloverpoint further communicated with one another and PNC Bank as well as other financial institutions, through the use of electronic mail, internet banking platforms, and/or telephone in order to effectuate cash transfers and "loans" from Folding Light accounts to the Defendants. Information relating to additional victims of the Defendants' conduct is exclusively within the Defendants' control.

41.     Folding Light received from the Trust $2,000,000 in funds intended for use as trading capital and not to be used for business operating expenses.  Flagstad, over the course of the past year and a half, siphoned the funds Folding Light received from the Trust to himself personally, Oxford, FFA, Cloverpoint and/or to bank accounts outside of Folding Light for his own use and personal benefit and for the benefit of Oxford, FFA and Cloverpoint.

42.     The Defendants' repeated use of the wires from 2019 to the present, in furtherance of the foregoing schemes or artifices, constituted acts of "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)(B).  Collectively, these violations constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

43. The Defendants engaged in an unlawful pattern of racketeering activity to defraud the Plaintiffs and other unknown victims.

44. By virtue of these violations of 18 U.S.C. § 1962(c), the Defendants are liable to the Plaintiffs for three times the damages they have sustained as a result of the Defendants' conduct, plus the costs of this suit, including reasonable attorneys' fees, pursuant to 18 U.S.C. § 1964(c).

WHEREFORE, the Trust and Folding Light pray for the following relief against Defendants Flagstad, Oxford, FFA and Cloverpoint:

a. Award the Plaintiffs damages in an amount in excess of $2,000,000;

b. Pursuant to 18 U.S.C. § 1964(c), award the Plaintiffs three times the amount of actual damages incurred as a result of the Defendants' conduct;

c. Award costs of litigation including; but not limited to, attorneys' fees, court costs and expert costs;

d. Award prejudgment interest on any monetary awards to the Plaintiffs; and

e. For such other and further relief the court deems is just.

## COUNT II
### (Conspiracy to Violate Section 1962(c) of RICO, 18 U.S.C. § 1962(d))

45. The Trust and Folding Light reallege paragraphs 1 through 44 as though fully set forth herein.

46. RICO makes it unlawful for any person to conspire to violate subsection (c) of Title 18, Section 1962. *See* 18 U.S.C. § 1962(d).

47. Defendants collectively joined in agreement and conspired with one another to commit at least two predicate acts of racketeering activity enumerated in 18 U.S.C. § 1961(1)(B), in violation of 18 U.S.C. § 1962(d).

-14-

48.     By virtue of their violation of 18 U.S.C. § 1962(d), the Defendants are liable to the Plaintiffs for three times the damages they have sustained as a result of the Defendants' conduct, plus the costs of this suit, including reasonable attorneys' fees, pursuant to 18 U.S.C. § 1964(c).

        WHEREFORE, the Trust and Folding Light pray for the following relief against Defendants Flagstad, Oxford, FFA and Cloverpoint:

        a.      Award the Plaintiffs damages in an amount in excess of $2,000,000;

        b.      Pursuant to 18 U.S.C. § 1964(c), award the Plaintiffs three times the amount of actual damages incurred as a result of the Defendants' conduct;

        c.      Award costs of litigation including; but not limited to, attorneys' fees, court costs and expert costs;

        d.      Award prejudgment interest on any monetary awards to the Plaintiffs; and

        e.      For such other and further relief the court deems is just.

### COUNT III
### (Common Law Fraud)

49.     The Trust and Folding Light reallege paragraphs 1 through 28 as though fully set forth herein.

50.     Folding Light received from the Trust $2,000,000 in funds intended for use as trading capital and not to be used for business operating expenses.  Flagstad over the course of the past year and a half siphoned the funds Folding Light received from the Trust to himself personally, Oxford, FFA, Cloverpoint and/or to bank accounts outside of Folding Light for his own use and personal benefit and for the benefit of Oxford, FFA and Cloverpoint.

51.     At the time that Flagstad represented to the Trust that its investment would be used for Folding Light trading capital, Flagstad was soliciting funds from the Trust so he could use them personally, for Oxford, FFA and Cloverpoint. Once the Trust funds were received at Folding Light, Flagstad began stealing them for his own personal benefit and his Flagstad Companies including Oxford, FFA and Cloverpoint.

52.     At the time that Flagstad made the representations to the Trust, he knew that his representations were false and that he needed the Trust's cash to support his lavish personal lifestyle and his other Flagstad Companies including Oxford, FFA and Cloverpoint.

53.     Flagstad made the representations to the Trust with the intent to fraudulently obtain its money so he could use the Trust's funds for his personal use and benefit as well as Oxford, FFA and Cloverpoint. He did not and not for Folding Light's trading account.

54.     The Trust was reasonably induced by Flagstad's representations to invest funds into Folding Light and did so.

55.     Flagstad's representations and wrongful conduct constitute fraud.

56.     The Trust and Folding Light have incurred damages in excess of $2,000,000.

57.     The Trust and Folding Light have no adequate remedy at law. Money damages alone will not, and cannot, compensate the Trust and Folding Light for the loss of goodwill, or the loss of business opportunities, which they will suffer as a result of the actions of these Defendants.

58.     By their conduct, Defendants have demonstrated their willingness to continue to engage in continuous fraudulent acts. It is clear that the injury to the Trust and Folding Light is immediate and irreparable.

59. The Trust and Folding Light have demonstrated that these Defendants have, and unless restrained will continue to, engage in conduct which is alleged herein. There is a likelihood that the Trust and Folding Light will prevail on the merits of this action.

60. Should the Court grant interlocutory injunctive relief to the Trust and Folding Light, the burden on these Defendants will be slight compared to the injury to the Trust and Folding Light if it is not granted. No injury to these Defendants will result from an order which requires these Defendants to comport their actions to the law.

61. The granting of an injunction will not disserve the public interest. Indeed, injunctive relief would protect against the continuing fraud that Flagstad Companies continue to engage in.

62. Whereas here, Flagstad Companies including Folding Light business operations are permeated by fraud, the Trust and Folding Light have made the requisite showing that assets will be dissipated during the pendency of the proceedings unless Defendants' assets are frozen and a receiver appointed to marshal and protect them.

WHEREFORE, the Trust and Folding Light pray for the following relief against Defendants Flagstad, Oxford, FFA and Cloverpoint:

a. Entry of a preliminary and permanent injunction against these Defendants, and each of them, from engaging in fraudulent acts and practices in violation of the Illinois law;

b. Entry of a preliminary and permanent injunction against these Defendants, and each of them, enjoining and restraining them from destroying or disposing of any books, records, or accounts or of any property, whether real, personal, or mixed;

-17-

c.      Entry of a preliminary and permanent injunction against the Defendants enjoining and restraining any Defendant or person acting on their behalf, from withdrawing transferring or disposing of any property owned by these Defendants, and each of them, whether real, personal, or mixed;

d.      Entry of an order appointing a receiver with the power to sue for, collect, receive and take into his possession all the goods and chattels, rights and credits, moneys and effects, lands and tenements, books, records, documents, papers, choses in action, bills, notes and property of every description, which were derived by means of the illegal practices described above;

e.      Entry of a judgment in favor of the Trust and Folding Light against the above Defendants, and each of them, for compensatory damages in an amount to be proven at trial, but which is not less than $2.0 million;

f.      An award of punitive damages in an amount to be proven at trial;

g.      Entry of an order freezing the assets of these Defendants and ordering the appointment of a receiver over Defendants' assets;

h.      The imposition of a constructive trust on these Defendants on all monies or property obtained by or through their wrongful conduct as alleged herein;

i.      An order prohibiting the Defendants from filing a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* without prior permission from this Court;

j.      An order awarding the Trust its costs and attorney's fees; and

k.      Such further and additional relief as the Court may deem appropriate.

-18-

## COUNT IV
### (Conversion/Theft)

63. The Trust and Folding Light reallege paragraphs 1 through 28 as though fully set forth herein.

64. Folding Light received from the Trust $2,000,000 in funds for use as trading capital and which were not to be used for Folding Light business operations. Flagstad, Oxford, FFA, and Cloverpoint had no legal right to take or use Folding Light funds the Trust had invested in Folding Light for their own use and benefit.

65. Upon information and belief, beginning in May 2018 Flagstad, Oxford, FFA and Cloverpoint began siphoning Folding Light cash into other accounts Flagstad controls outside of Folding Light. He did this without Folding Light or the Trust's consent and for his own personal use and benefit and to Folding Light and the Trust's detriment.

66. Upon information and belief, the wrongful cash transfers amount to at least $849,000. The illegal cash transfers were made without the consent of Folding Light Members or the Trust.

67. Flagstad, Oxford, FFA and Cloverpoint's transfers constituted the conversion of funds from Folding Light. None of the funds converted have been repaid to Folding Light or returned to the Trust.

68. Flagstad, Oxford, FFA and Cloverpoint continue to possess, control, or have wrongfully benefitted from their conversion of Folding Light cash and funds the Trust invested.

69. Flagstad, Oxford, FFA and Cloverpoint wrongfully assumed control and possession of Folding Light cash from its bank accounts, and have used Folding Light cash wrongfully for their personal use and benefit and to the detriment of Folding Light and the Trust.

70.   The Trust has made demand upon Flagstad for the return of the cash stolen from Folding Light.

71.   Despite the Trust's demands for payment, Flagstad has refused and continues to refuse to return the cash converted from Folding Light.

72.   The Trust and Folding Light have no adequate remedy at law.  Money damages alone will not, and cannot, compensate the Trust and Folding Light for the loss of goodwill, or the loss of business opportunities, which they will suffer as a result of the actions of these Defendants.

73.   By their conduct, Defendants have demonstrated their willingness to continue to engage in the conversion and theft of Folding Light assets.  It is clear that the injury to the Trust and Folding Light is immediate and irreparable.

74.   The Trust and Folding Light have demonstrated that these Defendants have, and unless restrained will continue to, engage in conduct which is alleged herein.  There is a likelihood that the Trust and Folding Light will prevail on the merits of this action.

75.   Should the Court grant interlocutory injunctive relief to the Trust and Folding Light, the burden on these Defendants will be slight compared to the injury to the Trust and Folding Light if it is not granted.  No injury to these Defendants will result from an order which requires these Defendants to comport their actions to the law.

76.   The granting of an injunction will not disserve the public interest.  Indeed, injunctive relief would protect against the continuing fraud that Flagstad and Flagstad Companies continue to engage in.

77.   Whereas here, Flagstad's Companies and Folding Light are permeated by fraud, the Trust and Folding Light have made the requisite showing that assets will be dissipated during

the pendency of the proceedings unless Defendants' assets are frozen and a receiver appointed to marshal and protect them.

WHEREFORE, the Trust and Folding Light pray for the following relief against Defendants Flagstad, Oxford, FFA and Cloverpoint:

a.    Entry of a preliminary and permanent injunction against these Defendants, and each of them, from engaging in acts and practices in violation of the Illinois law;

b.    Entry of a preliminary and permanent injunction against these Defendants, and each of them, enjoining and restraining them from destroying or disposing of any books, records, or accounts or of any property, whether real, personal, or mixed;

c.    Entry of a preliminary and permanent injunction enjoining and restraining any Defendant or person acting on their behalf, from withdrawing transferring or disposing of any property owned by these Defendants and each of them whether real, personal, or mixed;

d.    Entry of an order appointing a receiver with the power to sue for, collect, receive and take into his possession all the goods and chattels, rights and credits, moneys and effects, lands and tenements, books, records, documents, papers, choses in action, bills, notes and property of every description, which were derived by means of the illegal practices described above;

e.    Entry of a judgment in favor of the Trust and Folding Light against the above Defendants, and each of them, for compensatory damages in an amount to be proven at trial, but which is not less than $2.0 million;

f.    An award of punitive damages in an amount to be proven at trial;

-21-

g.     Entry of an order freezing the assets of these Defendants and ordering the appointment of a receiver over Defendants' assets;

h.     The imposition of a constructive trust on these Defendants on all monies or property obtained by or through their wrongful conduct as alleged herein;

i.     An order prohibiting the Defendants from filing a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* without prior permission from this Court;

j.     An order awarding the Trust its costs and attorney's fees; and

k.     Such further and additional relief as the Court may deem appropriate.

## COUNT V
### (Breach of Fiduciary Duty)

78.     The Trust and Folding Light reallege paragraphs 1 through 28 as though fully set forth herein.

79.     At all times relevant hereto, Flagstad was a Folding Light Member and acted as its Lead Manager and was an agent for his principal Folding Light.

80.     As an agent for Folding Light and as its Lead Member, Flagstad had a fiduciary duty of loyalty and good faith and is required to behave in a manner consistent with and solely with Folding Light and the Trust's best interest.

81.     Flagstad was further required to preserve and promote Folding Light's business and to preserve its assets for Folding Light's benefit and its members, including the Trust.

82.     Flagstad intentionally and willfully breached his fiduciary duty owed to Folding Light and the Trust by embezzling cash from Folding Light for his own personal use and benefit through unauthorized cash transfers from Folding Light bank accounts to himself personally, Oxford, FFA, Cloverpoint and other accounts outside of Folding Light.

83. Flagstad further breached his fiduciary duty owed to the Trust and Folding Light by otherwise generally in mismanaging Folding Light assets and by the actions complained of above.

84. As a direct and proximate result of one or more of Flagstad's foregoing wrongful acts or omissions, Flagstad has caused and is causing irreparable harm, as well as substantial monetary damages to the Trust and Folding Light in an amount of at least $2,000,000. The Trust and Folding Light have no adequate remedy at law. Money damages alone will not, and cannot, compensate the Trust and Folding Light for the loss of goodwill, or the loss of business opportunities, which they will suffer as a result of the actions of these Defendants

WHEREFORE, the Trust and Folding Light pray for the following relief against Defendants Flagstad, Oxford, FFA and Cloverpoint:

a. Entry of a preliminary and permanent injunction against these Defendants, and each of them, from engaging in acts and practices in violation of the Illinois law;

b. Entry of a preliminary and permanent injunction against these Defendants, and each of them, enjoining and restraining them from destroying or disposing of any books, records, or accounts or of any property, whether real, personal, or mixed;

c. Entry of a preliminary and permanent injunction enjoining and restraining any Defendant or person acting on their behalf, from withdrawing transferring or disposing of any property owned by these Defendants and each of them whether real, personal, or mixed;

d. Entry of an order appointing a receiver with the power to sue for, collect, receive and take into his possession all the goods and chattels, rights and credits, moneys

and effects, lands and tenements, books, records, documents, papers, choses in action, bills, notes and property of every description, which were derived by means of the illegal practices described above;

e.   Entry of a judgment in favor of the Trust and Folding Light against the above Defendants, and each of them, for compensatory damages in an amount to be proven at trial, but which is not less than $2.0 million;

f.   An award of punitive damages in an amount to be proven at trial;

g.   Entry of an order freezing the assets of these Defendants and ordering the appointment of a receiver over Defendants' assets;

h.   The imposition of a constructive trust on these Defendants on all monies or property obtained by or through their wrongful conduct as alleged herein;

i.   An order requiring Flagstad to forfeit all compensation received from Folding Light during the time in which he breached his fiduciary duties owed to Folding Light and the Trust;

j.   An order prohibiting the Defendants from filing a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* without prior permission from this Court;

k.   An order awarding the Trust its costs and attorney's fees; and

l.   Such further and additional relief as the Court may deem appropriate.

### COUNT VI
### (Breach of Contract)

85.   The Trust and Folding Light reallege paragraphs 1 through 28 as though fully set forth herein.

86.     The Trust acquired all interest in Folding Light pursuant to the Folding Light Limited
        Liability Agreement effective as of February 1, 2018 ("the Agreement") and attached
        hereto as Exhibit 1.

87.     The Trust has fully performed all obligations under the Agreement.

88.     Pursuant to the terms of the Agreement, among other things, Flagstad was to act in the
        best interest of Folding Light and its Members. Flagstad as a Member and Lead Manager
        furthermore had fiduciary duties owed to Folding Light and its Members, including the
        Trust.

89.     The Agreement further requires unanimous written consent of the Members before the
        Company or its Mangers could dilute a Members' interest as Flagstad did here with the
        outright theft of Folding Light cash. The Agreement also requires that Flagstad as a
        Folding Light Manager and its Lead Manager keep or cause to be kept complete and
        accurate books and records of the Company along with supporting documentation for
        transactions with respect to the conduct of the Company's business. Flagstad materially
        breached the Agreement in failing to keep or have kept accurate books and records as the
        Agreement requires.

90.     Flagstad further materially breached the Agreement in acquiring real and/or personal
        property through converted Folding Light cash and holding it in his name or a Flagstad
        Company such as Oxford, FFA or Cloverpoint.

91.     Flagstad's outright conversion of Folding Light cash constitutes a material breach of the
        Agreement.

92.     The Trust has made demand upon Flagstad for the return of the cash stolen from Folding
        Light. The Trust has further made a demand upon Flagstad for an accounting and to

inspect the books and records of Folding Light which has he has failed or refused to provide.

93. Despite the Trust's demands for payment, Flagstad has refused and continues to refuse to return the cash converted from Folding Light.

94. The Agreement provides that in the event of a breach or even threatened breach of one or more provisions of the Agreement, that the party who is or may be injured shall be entitled to the following preliminary and permanent injunctive relief (i) restraining and enjoining any act which would constitute a breach, (ii) compelling the performance of any obligation under the Agreement that if not performed would constitute a breach of the Agreement, and such relief may be obtained without the showing of actual irreparable harm and no bond or security shall need to be furnished.

WHEREFORE, the Trust and Folding Light demand, prays for the following relief against Flagstad:

    a.    Entry of a preliminary and permanent injunction against Flagstad from engaging in acts and practices in violation of the Agreement;

    b.    Entry of a preliminary and permanent injunction against Flagstad enjoining and restraining him from destroying or disposing of any books, records, or accounts or of any property, whether real, personal, or mixed;

    c.    Entry of a preliminary and permanent injunction enjoining and restraining Flagstad or any person acting on their behalf, from withdrawing transferring or disposing of any Folding Light property whether real, personal, or mixed;

    d.    Entry of an order appointing a receiver with the power to sue for, collect, receive and take into his possession all the goods and chattels, rights and credits, moneys

and effects, lands and tenements, books, records, documents, papers, choses in action, bills, notes and property of every description, which were derived by means of the illegal practices described above;

e.    Entry of a judgment in favor of the Trust and Folding Light against Flagstad for compensatory damages in an amount to be proven at trial, but which is not less than $2.0 million;

f.    An award of punitive damages in an amount to be proven at trial;

g.    The imposition of a constructive trust on all monies or property Flagstad obtained by or through his wrongful conduct as alleged herein;

h.    An order awarding the Trust its costs and attorney's fees; and

i.    Such further and additional relief as the Court may deem appropriate.

## COUNT VII
### (Civil Conspiracy)

95.    The Trust and Folding Light reallege paragraphs 1 through 28 and paragraph 49 through 94 as though fully set forth herein.

96.    The Defendants acted in concert, and conspired with each other to violate the common law as alleged herein in the preceding Counts III, IV, V and VI. Flagstad, Oxford, FFA and Cloverpoint were aware of the conspiracy and knowingly participated therein. Oxford, FFA and Cloverpoint participated in accepting and wrongfully transferring funds from Folding Light in coordination with Flagstad. The scheme Flagstad, Oxford, FFA and Cloverpoint participated in led to the conversion of Folding Light trading capital and which the Trust had invested in Folding Light. Flagstad, Oxford, FFA and Cloverpoint acted in concert to commit illegal acts, including but without limitation, the claims alleged herein.

-27-

97.     Flagstad, Oxford, FFA and Cloverpoint had a meeting of the minds on the course of action as alleged in the preceding Counts III, IV, V and VI, including the conversion, and wrongful use of Folding Light cash the Trust had provided through its investment.

98.     The Trust's damages, including but not limited to the diminution of the value of Folding Light and loss of business opportunities, cannot be adequately compensated through remedies at law alone, thereby requiring equitable relief in addition to compensatory and punitive relief. Furthermore, the Agreement permits and allows for injunctive relief under these circumstances of a material breach as Flagstad has done herein.

99.     Flagstad, Oxford, FFA and Cloverpoint's actions will continue to cause harm to Folding Light and the Trust unless restrained.

100.    Should this court grant injunctive relief to the Trust and Folding Light , the burden on the Defendants would be slight compared to the injury to the Trust and Folding Light if it was not granted.  No injury to the Defendants would result from an order requiring them to comport their actions under the law.  There is a likelihood that the Trust and Folding Light will prevail on the merits.

101.    The granting of an injunction will not disserve the public interest.  Indeed, granting the injunction would ensure that the Defendants are not able to injure others with their continued unlawful conduct. And, the Agreement provides for the issuance of an injunction whereas here Flagstad has materially breached the Agreement.

        WHEREFORE, the Trust and Folding Light pray for the following relief against Defendants Flagstad, Oxford, FFA and Cloverpoint:

        a.      Entry of a preliminary and permanent injunction against these Defendants, and each of them, from engaging in acts and practices in violation of the Illinois law;

b.   Entry of a preliminary and permanent injunction against these Defendants, and each of them, enjoining and restraining them from destroying or disposing of any books, records, or accounts or of any property, whether real, personal, or mixed;

c.   Entry of a preliminary and permanent injunction enjoining and restraining any Defendant or person acting on their behalf, from withdrawing transferring or disposing of any property owned by these Defendants and each of them whether real, personal, or mixed;

d.   Entry of an order appointing a receiver with the power to sue for, collect, receive and take into his possession all the goods and chattels, rights and credits, moneys and effects, lands and tenements, books, records, documents, papers, choses in action, bills, notes and property of every description, which were derived by means of the illegal practices described above;

e.   Entry of a judgment in favor of the Trust and Folding Light against the above Defendants, and each of them, for compensatory damages in an amount to be proven at trial, but which is not less than $2.0 million;

f.   An award of punitive damages in an amount to be proven at trial;

g.   Entry of an order freezing the assets of these Defendants and ordering the appointment of a receiver over Defendants' assets;

h.   The imposition of a constructive trust on these Defendants on all monies or property obtained by or through their wrongful conduct as alleged herein;

i.   An order prohibiting the Defendants from filing a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* without prior permission from this Court;

j.     An order awarding the Trust its costs and attorney's fees; and

k.     Such further and additional relief as the Court may deem appropriate.

**COUNT VIII**
**(Accounting)**

102.   The Trust realleges paragraphs 1 through 28 as though fully set forth herein.

103.   Flagstad's conduct as alleged herein constitutes fraud, conversion and breaches of his respective fiduciary duties to Folding Light and its members, including the Trust.

104.   Flagstad, Oxford, FFA and Cloverpoint, through their actions and outright theft of Folding Light cash have funneled assets to various persons and entities unknown to the Trust.

105.   The Trust has made a demand for an accounting from Flagstad as Folding Light's Lead Manager and the controlling Member of Oxford, FFA and Cloverpoint, and he has failed or otherwise refused to provide one.

106.   The Trust is entitled to an accounting because of Flagstad, Oxford FFA and Cloverpoint's conversion of Folding Light assets, and fraud, conversion and breach of fiduciary duties as alleged herein.  The accounting requested should be conducted in equity because:

- The Trust has no adequate remedy at law for an accounting;

- The accounting would be complex and intricate as Flagstad, Oxford, FFA and Cloverpoint have engaged in numerous complex scams in order to steal Folding Light assets; and

- The total amounts due from Flagstad, Oxford, FFA and Cloverpoint are unknown to the Trust because the individual Defendants have exclusive knowledge of the accounts and cash transfers made from Folding Light and in and out of Oxford, FFA and Cloverpoint.  Only Flagstad, Oxford,

FFA and Cloverpoint have the records necessary to conduct an accounting that would reveal how and when Flagstad funneled assets from Folding Light, to Oxford, FFA and Cloverpoint and where the assets are now located.

WHEREFORE, for all the forgoing reasons, the Trust respectfully request the following relief:

a.     An order compelling Flagstad, Oxford, FFA and Cloverpoint to account for all transactions with Folding Light and in particular when Folding Light assets were converted into their own interest;

b.     A judgment entered in favor of the Trust and Folding Light and against Flagstad, Oxford, FFA and Cloverpoint for all loses sustained resulting from the Defendants' fraud, conversion and breach of fiduciary duties;

c.     An order awarding the Trust and Folding Light its costs and attorney's fees incurred in this action; and

d.     Such further and additional relief as the Court may deem appropriate.

Respectfully submitted,

THE JAMES STREIBICH REVOCABLE TRUST
OF 2002, an Illinois Trust, individually, and
Derivatively, on behalf of FOLDING LIGHT, LLC,
a Delaware Limited Liability Company


By: */s William K. Kane*_____
One of Its Attorneys
William K. Kane, Esq. (6194466)
David M. Poell, Esq.(6302765)
SHEPPARD MULLIN RICHTER & HAMPTON
LLP
Three First National Plaza
70 West Madison Street, 48th floor
Chicago, Illinois 60602
Telephone:  312.499.6300
Facsimile:  312.499.6301
wkane@sheppardmullin.com
dpoell@sheppardmullin.com

**Counsel for Plaintiffs,** The James Streibich
Revocable Trust of 2002, an Illinois Trust,
individually, and derivatively, on behalf of Folding
Light, LLC, a Delaware Limited Liability
Company.

-32-