**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE JAMES STREIBICH REVOCABLE TRUST OF 2002, an Illinois Trust, individually, and derivatively, on behalf of FOLDING LIGHT, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20 cv 2242 |
| BROCK H. FLAGSTAD, an individual; OXFORD MARKETING PARTNERS, LLC a Delaware Limited Liability Company; OXFORD MEDIA, LLC, an Illinois Limited Liability Company; OXFORD TAX PARTNERS, LLC an Illinois Limited Liability Company;  OXFORD FG, LLC, an Illinois Limited Liability Company; OXFORD GP, LLC, an Illinois Limited Liability Company; FINANCIAL FREEDOM ADVISORS, LLC an Illinois Limited Liability Company; and CLOVERPOINT PARTNERS, LLC, an Illinois Limited Liability Company; | ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge: Manish S. Shah |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) and 12(b)(1)**

Dated:  June 30, 2020

Stan Sneeringer
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
ssneeringer@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for the Defendants*

Respectfully submitted,

BROCK FLAGSTAD,
OXFORD MARKETING PARTNERS, LLC,
OXFORD MEDIA, LLC;
OXFORD TAX PARTNERS, LLC,
OXFORD  FG,  LLC,  OXFORD  GP,  LLC,
FREEDOM FINANCIAL ADVISORS, LLC,
and CLOVERPOINT PARTNERS, LLC

By: /s/   Stan Sneeringer
     One of Their Attorneys

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

   I.   The Trust fails to state a RICO claim because it does not sufficiently allege that an enterprise exists, that each Defendant engaged in conduct related to the alleged enterprise, or that there was a pattern of activity. ............................................................................................ 5

     A.   The Trust has not alleged any conduct by the Corporate Defendants, let alone participation in an enterprise. .................................................................................................. 6

     B.   The Trust has not alleged the existence of an enterprise. ............................................ 8

     C.   The Trust fails to allege a pattern of activity under RICO on the part of any Defendant. .......................................................................................................................... 9

       1.   The Trust cannot establish continuity of conduct for Flagstad. ................................ 10

         a)   The Trust has failed to allege an open-ended pattern of continuity against Flagstad as the supposed scheme has been completed. .................................................................... 10

         b)   The Trust cannot allege any of the factors to support closed-ended continuity as to Flagstad because the supposed scheme lasted for a short period of time and involved a single harm to a single victim. ..................................................................................... 11

       *2.*   The Trust has not alleged a pattern of conduct on the part of the Corporate Defendants as it has not sufficiently alleged any activity by the Corporate Defendant's, let alone continuous conduct. ........................................................................................... 13

   II.   The Trust fails to state a conspiracy to commit RICO claim because it cannot plead facts that would establish a violation of the RICO statute. ............................................................. 14

   III.   Because the RICO claims are the only claims arising under federal law and there is no diversity, this court lacks subject matter jurisdiction and must dismiss the remaining claims. 15

   IV.   If the Court reaches the state-law claims, Count III should be dismissed because the Trust fails to state a common-law fraud with the required particularity.................................... 16

CONCLUSION.................................................................................................................... 17

PRAYER FOR RELIEF ...................................................................................................... 18

i

# TABLE OF AUTHORITIES

## Cases

*Arbaugh v. Y & H Corp.*,
  546 U.S. 500 (2006) ......................................................................................... 15-16

*Ashcroft v. Iqbal*,
  556 U.S. 556 (2009) ............................................................................................. 3, 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 3, 4

*Bobb v. Swartz-Retson, P.C.*,
  No. 17-cv-7694, 2018 U.S. Dist. LEXIS 157149 (N.D. Ill. Sep. 14, 2018) ............. 9

*Boyle v. United States*,
  556 U.S. 938 (2009) .................................................................................................. 8

*City of Rockford v. Mallinckrodt ARD, Inc.*,
  360 F. Supp. 3d 730 (N.D. Ill. 2019) ....................................................................... 4

*Cohen v. Am. Sec. Ins. Co.*,
  735 F.3d 601 (7th Cir. 2013) .................................................................................. 16

*Connick v. Suzuki Motor Co.*,
  675 N.E.2d 584 (Ill. 1996) ...................................................................................... 16

*Dalton v. Teva N. Am.*,
  891 F.3d 687 (7th Cir. 2018) .................................................................................. 15

*Drobny v. JP Morgan Chase Bank*,
  929 F. Supp. 2d 839 (N.D. Ill. 2013) ........................................................................ 6

*Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*,
  831 F.3d 815 (7th Cir. 2016) .................................................................................. 11

*Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*,
  412 F.3d 745 (7th Cir. 2005) .................................................................................... 4

*Goren v. New Vision International, Inc.*,
  156 F.3d 721 (7th Cir. 1998) .................................................................................... 4

*Guaranteed Rate, Inc. v. Barr*,
  912 F. Supp. 2d 671 (N.D. Ill. 2012) ........................................................................ 9

*H.J. Inc. v. Northwestern Bell Telephone Co.*,
  492 U.S. 229 (1989) ............................................................................................... 10

*Haywood v. Massage Envy Franchising, LLC*,
  887 F.3d 329 (7th Cir. 2018) .............................................................................. 4, 16

*In re Herbal Supplements Mktg. & Sales Practices Litig.*,
  No. 15-cv-5070, 2017 U.S. Dist. LEXIS 76207 (N.D. Ill. May 19, 2017) ............... 16

*Jennings v. Auto Meter Prods., Inc.*,
  495 F.3d 466 (7th Cir. 2007) .............................................................................. 9, 12

*Menzies v. Seyfarth Shaw Ltd. Liab. P'ship*,
  943 F.3d 328 (7th Cir. 2019) ...................................................... 1, 5, 9, 10, 11, 12, 13

*Merryman Excavation, Inc. v. Int'l Union of Operating Eng'r, Local 150*,
  No. 06 C 5160, 2007 U.S. Dist. LEXIS 30339 (N.D. Ill. Apr. 25, 2007) ................... 7

*Midwest Grinding Co. v. Spitz*,
  976 F.2d 1016 (7th Cir. 1992) ...................................................................... 5, 10, 12

*Pelfresne v. Vill. of Rosemont*
   22 F. Supp. 2d 756 (N.D. Ill. 1998) ........................................................................ 7
*Perlman v. Zell*,
   938 F. Supp. 1327 (N.D. Ill. 1996) ........................................................................ 7
*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ................................................................................................ 6
*Richmond v. Nationwide Cassel L.P.*,
   52 F.3d 640 (7th Cir. 1995) .................................................................................... 8
*Roger Whitmore's Auto. Servs. v. Lake Cty., Ill.*,
   424 F.3d 659 (7th Cir. 2005) ................................................................................ 12
*Roppo v. Travelers Commer. Ins. Co.*,
   869 F.3d 568 (7th Cir. 2017) ............................................................................ 4, 6
*Sanders v. JGWPT Holdings, Inc.*,
   No. 14 C 9188, 2016 U.S. Dist. LEXIS 97722 (N.D. Ill. July 26, 2016) ................ 7
*Sciarrone v. Amrich*,
   No. 19 C 4584, 2020 U.S. Dist. LEXIS 97258 (N.D. Ill. June 3, 2020) ......... 11, 12
*Sedima, S.P.R.L. v. Imrex Co.*,
   473 U.S. 479 (1985) .......................................................................................... 5, 10
*Stachon v. United Consumers Club, Inc.*,
   229 F.3d 673 (7th Cir. 2000) .................................................................................. 8
*United Food & Commer. Worker Unions & Emplrs. Midwest Health Bens. Fund v. Walgreen Co.*,
   719 F.3d 849 (7th Cir. 2013) .......................................................................... 14, 15
*United States ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*,
   772 F.3d 1102 (7th Cir. 2014) .............................................................................. 16
*United States v. Turkette*,
   452 U.S. 576, 583 (1981) ....................................................................................... 8
*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*,
   20 F.3d 771 (7th Cir. 1994) ............................................................................ 11, 12

**Statutes**
18 U.S.C. § 1962(c) ................................................................................... passim
18 U.S.C. § 1962(d) ..................................................................... 1, 18, 19
18 U.S.C. § 1964(c) ............................................................................... 19
18 U.S.C. § 2314 ................................................................................... 9
28 U.S.C. § 1331 ................................................................................. 19
28 U.S.C. § 1332 ................................................................................. 19
28 U.S.C. § 1367(a) ............................................................................ 20

**Rules**
Federal Rule of Civil Procedure 12(b)(1) ............................................. 1
Federal Rule of Civil Procedure 12(b)(6) .................................... 1, 4, 22
Federal Rule of Civil Procedure 9(b) ........................................... passim

Defendants Brock Flagstad ("Flagstad"), Oxford Marketing Partners, LLC ("OMP"), Oxford Media, LLC ("Oxford Media"); Oxford Tax Partners, LLC ("Oxford Tax"), Oxford FG, LLC ("OFG"), Oxford GP, LLC ("OGP"), Freedom Financial Advisors, LLC ("FFA"), and Cloverpoint Partners, LLC ("Cloverpoint")[1] by and through their undersigned counsel, respectfully requests that this Court dismiss Counts I and II of the Complaint for Injunctive Relief, Damages, and Appointment of a Receiver (the "Complaint") filed by Plaintiff The James Streibich Revocable Trust of 2002 ("Trust"), pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Trust has not stated a valid claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), or a valid claim for conspiracy under § 1962(d). The Trust fails to allege an enterprise, conduct by each defendant, or a pattern of activity, which requires dismissal of Count I. Because the Trust's RICO conspiracy claims rests on the same conduct in Count I, Count II must also be dismissed. Additionally, because the RICO claims are the sole basis of federal subject matter jurisdiction, this court lacks jurisdiction over this controversy and must dismiss the entire case pursuant to Federal Rule of Civil Procedure 12(b)(1). If the Court does reach the state-law claims, Count III for common-law fraud should be dismissed for failure to plead the alleged fraud with particularity.

## INTRODUCTION

The allegations of the Complaint make clear that the Trust is attempting something which the Seventh Circuit abhors: shoe-horn state-law fraud claims into a civil RICO action in order to claim federal jurisdiction. As the Seventh Circuit has stated, the court is not permitted to "allow a plaintiff to shoehorn a state-law fraud claim into a civil RICO claim." *Menzies v. Seyfarth Shaw Ltd. Liab. P'ship*, 943 F.3d 328, 342 (7th Cir. 2019). The Trust essentially alleges conduct

---

[1] OMP, Oxford Media, Oxford Tax, OFG, OGP, FFA, and Cloverpoint will be collectively referred to as the "Corporate Defendants."

on the part of Flagstad, *i.e.* supposedly convincing the Trust to invest in Folding Light and then wiring the Trust's investment funds to companies that Flagstad controls. Then the Trust makes legal conclusions and conclusory allegations that the Corporate Defendants engaged in mail fraud and intrastate transportation of stolen funds by receiving the supposedly misappropriated funds. The Trust impermissibly attempts to gin up a civil RICO claim by connecting these things as part of an imaginary conspiracy. Stripping away the conclusory allegations made on information and belief against the Corporate Defendants, this is a business dispute between the Trust and Flagstad regarding the Trust's investment in a company. Without the shoe-horned RICO claims, there is no federal jurisdiction over this matter and the Complaint should be dismissed for lack of the same.

## BACKGROUND

The following allegations are taken from the Complaint, are included solely for purposes of this motion, and should not be deemed an admission of any of them. The Trust is an Illinois trust with its main offices in Chicago, Illinois. (Compl. ¶ 3.) The Trust has an interest in Folding Light, LLC, a company that developed a proprietary financial trading platform to trade securities, bitcoin, and other crypt-currencies. (*Id.* ¶¶ 4, 18.) Flagstad is a Member of Folding Light and at all times has been Folding Light's Lead Manager. (*Id.* at ¶ 5.) Flagstad is a member of, and has control over, the Corporate Defendants. (*Id.* at ¶¶ 6-12, 15.)

On or about May 2018, Flagstad approached the Trust through the Trustee, Jim Streibich ("Streibich"), regarding investing in Folding Light. (*Id.* at ¶ 18.) Flagstad asked the Trust for a $2,000,000 investment to be used as trading capital for Folding Light. (*Id.* at ¶ 19.) In May 2018, the Trust invested $2,000,000 in Folding Light and received a membership interest. (*Id.* at ¶ 20.) The Trust alleges, upon information and belief, that between June 1, 2018 and July 24,

2

2018, Flagstad took $340,000 from Folding Light and transferred it to himself and FFA. (*Id.* at ¶ 21.)

In the fall of 2018, several members and employees of Folding Light, including Kasey Klaas, departed to start a competing trading company. (*Id.*) In response, Folding Light filed suit against those members and employees in United States District Court for the Northern District of Illinois, *Folding Light, LLC v. Kasey Klaas, et al.*, Case No. 1:19-cv-03949. (*Id.*) Given the departure of Folding Light's trading team and the fact that trading was on hold, Flagstad approached Streibich regarding a revolving line of credit from Folding Light to OMP. (*Id.* at ¶ 22.) The Trust alleges, on information and belief, that OMP made four interest payments, but no further interest payments, and has not returned the $200,000 principal to Folding Light. (*Id.*) The Trust further alleges, again on information and belief, that OMP kept the Folding Light funds for OMP and Flagstad's personal use and benefits. (*Id.*) The Trust also alleges that Flagstad made an additional $849,000 in wire transfers from Folding Light to bank accounts that he controls. (*Id.* at ¶¶ 26-27.) The Trust alleges, on information and belief, that Flagstad used these funds for his own personal benefit. (*Id.* at ¶ 28.)

## LEGAL STANDARD

When considering a motion to dismiss, the Court accepts as true all factual allegations in the counterclaim and draws all reasonable inferences in favor of the nonmoving party. That standard, however, does not require a court to accept as true legal conclusions that the plaintiff couches as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 556, 678 (2009). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Rather, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Additionally, "when ruling on a Rule 12(b)(6) motion, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to allegations of mail and wire fraud in a civil RICO complaint." *City of Rockford v. Mallinckrodt ARD, Inc.*, 360 F. Supp. 3d 730, 773 (N.D. Ill. 2019) (citing *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 587 n.56 (7th Cir. 2017)). Rule 9(b) requires a complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A complaint alleging fraud "must specifically allege the who, what, when, where, and how of the fraud." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018). Rule 9(b) "forces the plaintiff to conduct a careful pretrial investigation and thus operates as a screen against spurious fraud claims." *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). In cases with multiple defendants, "Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme." *Goren v. New Vision International, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998).

## ARGUMENT

The Trust fails to state either of its RICO claims. The Trust fails to allege three of the necessary elements for a RICO violation. First, the Trust does not allege conduct directing or conducting the supposed enterprise on the part of each Defendant. Second, the Trust does not allege that the Defendants shared a common purpose, which is a required element of alleging an enterprise. Third, the Trust fails to allege a pattern of activity on the part of any of the Defendants. The allegations of the Complaint demonstrate that the Trust cannot allege these necessary elements of a violation of RICO and Count I should, therefore, be dismissed with

prejudice. Because the Trust's RICO conspiracy claim is based on the supposed RICO violation, the Trust's RICO conspiracy claim also fails and Count II should be dismissed with prejudice. Without either of the RICO claims, the court lacks subject matter jurisdiction over the remaining state-law claims, which should be dismissed without prejudice.

I.     **The Trust fails to state a RICO claim because it does not sufficiently allege that an enterprise exists, that each Defendant engaged in conduct related to the alleged enterprise, or that there was a pattern of activity.**

The Trust is attempting to turn garden-variety fraud and breach of fiduciary duties claims into a RICO case. *See Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025-1026 (7th Cir. 1992) ("RICO has not federalized every state common-law cause of action available to remedy business deals gone sour.") Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). In order to state a claim under § 1962(c), a plaintiff must sufficiently allege each of the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Menzies*, 943 F.3d at 336 (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496-97 (1985)).

The Trust has not, and cannot, plead that each Defendant engaged in conduct participating in the operation or management of the enterprise, that the Defendants constituted an association-in-fact, or that the Defendants engaged in a pattern of activity. An inability to establish even one of these requirements is fatal to a RICO claim. The Trust's inability to satisfy any of these requirements dooms its § 1962(c) claim, and, therefore, Count I should be dismissed with prejudice.

A.     **The Trust has not alleged any conduct by the Corporate Defendants, let alone participation in an enterprise.**

The flaws in the Trust's complaint are immediately apparent in that it fails to allege any conduct constituting a predicate act on the part of any defendant aside from Flagstad.  In order to satisfy the "conduct" element of a RICO claim "a plaintiff must allege that the defendant participated in the operation or management of the enterprise itself and that the defendant played some part in directing the enterprise's affairs."  *Roppo*, 869 F.3d at 589 (internal quotations omitted).  The Trust makes the conclusory assertion that each of the Defendants "exerted control over the Enterprise, and participated directly or indirectly in the operation and management of the affairs of the Enterprise."  (Compl. ¶ 34.)  However, the Trust fails to allege any specific conduct by any of the Corporate Defendants, let alone any other Corporate Defendant exerting control over or participating in any of the supposed affairs of the enterprise.

Under RICO, a plaintiff must allege some conduct on the part of each defendant:  "For each Defendant, the complaint must plead that the defendant had some part in directing or conducting the alleged 'enterprise' such that it participated in the operation or management of the enterprise itself."  *Drobny v. JP Morgan Chase Bank*, 929 F. Supp. 2d 839, 850 (N.D. Ill. 2013) (citing *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)).  Even taking the allegations in their most favorable light, the Trust alleges that Flagstad engaged in misconduct related to Folding Light but does not allege misconduct on the part of any of the other Defendants.  Because the Trust alleges "no details about each Defendant's role in the enterprise; their conclusory allegations of a RICO enterprise are insufficient."  *Id.*

The Trust makes general allegations that the Defendants communicated with each other and financial institutions through e-mail, the internet, and/or telephone regarding receiving "loans."  (Compl. ¶¶ 39-40.)  Presumably this is to show that the Corporate Defendants engaged

6

in mail fraud or interstate transportation of stolen property. These allegations are wholly unsupported and fail to state predicate acts under even the general 12(b)(6) pleading requirement. The conclusory allegations certainly do meet the heightened pleading requirements of Rule 9(b).[2]

As to the general and conclusory mail fraud allegations, courts in this district routinely hold that these types of general allegations of conduct are insufficient to show that the Corporate Defendants engaged in any conduct. *See Sanders v. JGWPT Holdings, Inc.*, No. 14 C 9188, 2016 U.S. Dist. LEXIS 97722, at *48-49 (N.D. Ill. July 26, 2016) (general allegations regarding defendants mailing documents insufficient) (citing *Merryman Excavation, Inc. v. Int'l Union of Operating Eng'r, Local 150*, No. 06 C 5160, 2007 U.S. Dist. LEXIS 30339, at *11-13 (N.D. Ill. Apr. 25, 2007) (loose and generalized allegations of predicate acts throughout extremely long complaint did not provide enough detail to fulfill the heightened pleading standard of Rule 9(b)); *see also Pelfresne v. Vill. of Rosemont*, 22 F. Supp. 2d 756, 764 (N.D. Ill. 1998) (lumping defendants together to allege mail fraud was insufficient because plaintiff did not allege two specific mailings by each defendant)). The Trust makes two general assertions that Defendants took part in interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. *See* (Compl. ¶¶ 36-37.) These allegations are insufficient to show predicate acts on the part of the Defendants.

The Trust has not alleged conduct that serves as predicate acts on the part of each Defendant. Count I should be dismissed for the Trust's inability to plead this required element of its RICO claim under § 1962(c).

---

[2] Heightened pleading requirements are also required for allegations regarding interstate transportation of stolen property where, as here, the "funds involved in the violation of [§ 2314] are alleged to have been fraudulently obtained." *Perlman v. Zell*, 938 F. Supp. 1327, 1348 (N.D. Ill. 1996).

**B.     The Trust has not alleged the existence of an enterprise.**

The Trust also does not sufficiently allege the existence of an enterprise, another required element for a RICO claim.  This lack is similarly fatal to its RICO claims.  The Trust appears to be alleging that the Defendants are an association-in-fact enterprise.  *See* (Compl. ¶ 32.)  For RICO purposes, an enterprise must have a structure and goals separate from the predicate acts themselves.  *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000).  To adequately plead an association-in fact enterprise, the Trust must plausibly allege facts showing "a group of persons associated together for a common purpose of engaging in a course of conduct."  *Boyle v. United States*, 556 U.S. 938, 946 (2009) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)).  This requires "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."  *Id.*

The Trust has not alleged a relationship among those associated with the enterprise outside of Flagstad's involvement.  Specifically, the Trust alleges that Flagstad is the dominant member of each of the corporate Defendants and that he maintains control of all financial accounts and matters.  (Compl. ¶ 15.)  But an enterprise must be "more than a group of associated businesses that are operated in concert under the control of one [person]."  *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995).  The Trust does not allege any business relationship between the Corporate Defendants aside from Flagstad's involvement in, and alleged control over, those companies.

The Trust has also not alleged that the Defendants shared a common purpose.  The Trust alleges that Flagstad impermissibly transferred money from Folding Light to some of the Corporate Defendants.  There is no non-conclusory allegation that the Defendants shared a

8

common purpose. *See Guaranteed Rate, Inc. v. Barr*, 912 F. Supp. 2d 671, 687 (N.D. Ill. 2012) (no enterprise where there was no indication RICO defendants shared in the profits of the alleged enterprise or participated in the conduct of the supposed enterprise's affairs). Merely alleging that the Defendants shared a common purpose of stealing money from the Trust is insufficient. *See Bobb v. Swartz-Retson, P.C.*, No. 17-cv-7694, 2018 U.S. Dist. LEXIS 157149, at *16-17 (N.D. Ill. Sep. 14, 2018) (no RICO purpose where plaintiff alleged "common purpose of stealing money from Plaintiffs" but did not "allege that the money stolen went to some sort of common, enterprise-owned pot.") The Trust's failure to allege a common purpose also forecloses the existence of an association-in fact RICO enterprise.

The Trust cannot show an association-in-fact between the Defendants and, therefore, cannot demonstrate that a RICO enterprise exists. Count I should be dismissed for the Trust's inability to plead this required element of its RICO claim under § 1962(c).

### C. The Trust fails to allege a pattern of activity under RICO on the part of any Defendant.

The Trust has also failed to allege the required element of a pattern of activity for its RICO claims. As an initial matter, the Seventh Circuit is understandably wary of using mail and wire fraud allegations to form a pattern of activity: "we have cautioned that we do not look favorably on many instances of mail and wire fraud to form a pattern." *Menzies*, 943 F.3d at 338 (internal quotations omitted); *see also Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007) (the Seventh Circuit "repeatedly reject[s] RICO claims that rely so heavily on mail and wire fraud allegations to establish a pattern").

In order to establish a pattern of activity, a civil RICO plaintiff must satisfy "the so-called 'continuity plus relationship' test: the predicate acts must be related to one another (the relationship prong) and pose a threat of continued criminal activity (the continuity prong)."

*Midwest Grinding*, 976 F.2d at 1022 (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989); *Sedima, S.P.R.L.*, 473 U.S. at 496, n.14). A plaintiff must demonstrate the continuity prong by "(1) demonstrating a closed-ended series of conduct that existed for such an extended period of time that a threat of future harm is implicit, or (2) an open-ended series of conduct that, while short-lived, shows clear signs of threatening to continue into the future." *Menzies*, 943 F.3d at 337. The Trust fails to allege continuity against Flagstad or the Corporate Defendants under either a closed-ended series of conduct or an open-ended series of conduct.

### 1. The Trust cannot establish continuity of conduct for Flagstad.

The Trust does not allege continuity of conduct by Flagstad under either test, open-ended or closed ended. The Trust alleges that Flagstad made nineteen (19) cash transfers out of Folding Light into two accounts over the course of approximately eight months. (Compl. ¶ 27.) There is no open-ended continuity as the alleged scheme of stealing the Trust's investment has been completed according to the Complaint. There is no closed-ended continuity as the predicate acts took place over the course of approximately eight months and there was a single scheme, against a single victim that had a single injury.

### a) The Trust has failed to allege an open-ended pattern of continuity against Flagstad as the supposed scheme has been completed.

The Trust has not sufficiently alleged an open-ended pattern of conduct. An open-ended continuity inquiry "focuses not on what acts occurred in the past but on whether a concrete threat remains for the conduct to continue moving forward." *Menzies*, 943 F.3d at 337. A plaintiff must show that "a defendant's actions pose a specific threat of repetition; that the predicate acts form part of the defendant's ongoing and regular way of doing business; or that the defendant

operates a long-term association for criminal purposes." *Id.* The Trust does not allege any of these requirements.

By its nature, an open-ended pattern of conduct does not include schemes that "have a clear and terminable goal have a natural ending point," and "do not pose a threat of repetition." *Sciarrone v. Amrich*, No. 19 C 4584, 2020 U.S. Dist. LEXIS 97258, at *14 (N.D. Ill. June 3, 2020) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 782-83 (7th Cir. 1994) and *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 829 (7th Cir. 2016) ("We have repeatedly held that schemes fail to satisfy open-ended continuity where they have a 'natural ending point.'")). The Trust alleges a scheme that had a clear and terminable goal with a natural ending point, the theft of the Trust's investment in Folding Light. *See* (Compl. ¶ 41.) The Trust does not allege that this supposed scheme is continuing or that the same scheme is occurring or has occurred with anyone else. According to the plain allegations of the Complaint, the scheme has been completed and there is no threat of repetition. Therefore, the Trust cannot show open-ended continuity.

> **b)** **The Trust cannot allege any of the factors to support closed-ended continuity as to Flagstad because the supposed scheme lasted for a short period of time and involved a single harm to a single victim.**

The Trust's allegations do not support any of the factors required to find closed-ended continuity. A court must take a "natural and commonsense approach to RICO's pattern element," which requires "a more stringent requirement than proof simply of two predicates, but also envisioning a concept of sufficient breadth that it might encompass multiple predicates within a single scheme that were related and that amount to, or threatened the likelihood of, continued criminal activity." *Menzies*, 943 F.3d at 342. Under the closed-ended approach, a court looks "at the number and variety of predicate acts, the length of time over which they were

committed, the number of victims, the presence of separate schemes, and the occurrence of distinct injuries." *Id.*

"[D]uration is the single most important aspect of the closed-ended continuity analysis." *Vicom*, 20 F.3d at 781.  As discussed above, the Trust alleges that the predicate acts include nineteen (19) cash transfers out of Folding Light into two accounts over the course of approximately eight months.  (Compl. ¶ 27.)  Seventh Circuit precedent amply demonstrates that a period of eight months is not long enough to demonstrate continuity.  *See Jennings*, 495 F.3d at 474 (period of ten months "is too short to show the necessary continuity for a 'pattern' of racketeering."); *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1022-23 (7th Cir. 1992) (closed-ended scheme lasting nine months not long enough to satisfy continuity requirement).  In fact, several cases hold that closed-ended schemes lasting for years are insufficient.  *See Roger Whitmore's Auto. Servs. v. Lake Cty., Ill.*, 424 F.3d 659, 673 (7th Cir. 2005) (two-year period insufficient for closed-ended continuity); *see also Midwest Grinding*, 976 F.2d at 1024 (collecting Seventh Circuit cases holding schemes lasting for more than a year insubstantial in duration).

Additionally, none of the other factors weigh in favor of closed-ended continuity.  The predicate acts affected one entity, were allegedly committed in furtherance of a single scheme with the single purpose of taking the Trust's investment, and the sole alleged victim (the Trust) suffered a single injury, *i.e.* the supposed theft of its investment.  *See Sciarrone*, 2020 U.S. Dist. LEXIS 97258 at *18-20 (no close-ended continuity where predicate acts affected only a few individuals under a single scheme with the same purpose and those individuals suffered the same injury).

12

The Trust has not alleged a closed-ended pattern of activity against Flagstad as the duration of the supposed scheme was only a few months and the Trust is the sole allegedly victim and suffered a single alleged injury.

> **2.** **The Trust has not alleged a pattern of conduct on the part of the Corporate Defendants as it has not sufficiently alleged any activity by the Corporate Defendant's, let alone continuous conduct.**

The Trust similarly fails to allege a pattern of conduct on the part of the Corporate Defendants. As discussed above, the Trust makes general allegations that the Corporate Defendants engaged in mail fraud by communicating with each other and financial institutions through e-mail, the internet, and/or telephone. (Compl. ¶¶ 39-40.) There are no allegations that the Corporate Defendants engaged in wire fraud or interstate transportation of stolen property outside of a conclusory assertion that they did so. (*Id.* ¶¶ 36-37.) However, the Seventh Circuit has squarely held that general assertions of mail fraud made upon information and belief do not meet the heightened requirements under Rule 9(b) or RICO. *See Menzie*s, 943 F.3d at 341 (failure to spell out the specifics of any defendant's communications and relying "on information and belief" "meet neither Rule 9(b)'s particularity requirement nor the demands of our RICO case law".)

To the extent that the Trust has sufficiently alleged any conduct on the part of the Corporate Defendants, the same analysis would apply as to Flagstad's conduct. There would be no open-ended continuity on the part of the Corporate Defendants as the alleged scheme has ended. There would similarly be no closed-ended continuity on the part of the Defendants because the predicate acts took place over the course of approximately eight months and there was a single scheme, against a single victim that had a single injury.

13

The Trust cannot allege a pattern of conduct on the part of any of the Defendants and, therefore, Count I should be dismissed for the Trust's inability to plead a required element of its RICO claim under § 1962(c).

The Trust fails to allege three of the required elements for a RICO claim: (1) conduct by each of the Defendants; (2) an enterprise; and (3) a pattern of conduct. The threadbare allegations of the Compliant plainly demonstrate that the Trust cannot plead any of these requirements and is merely attempting to shoe-horn garden-variety state-law claims into a RICO civil action. Because of this, Count I should be dismissed with prejudice.

## II.    The Trust fails to state a conspiracy to commit RICO claim because it cannot plead facts that would establish a violation of the RICO statute.

The Trust cannot allege a conspiracy to violate RICO because it cannot allege any violation of RICO. In Count II, the Trust alleges that the Defendants conspired to violate § 1962(c) through the conduct discussed above. (Compl. ¶¶ 44-48.) "Proof of a conspiracy within the scope of RICO requires a showing that: (1) the defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity, and (2) the defendant further agreed that someone would commit at least two predicate acts to accomplish those goals." *United Food & Commer. Worker Unions & Emplrs. Midwest Health Bens. Fund v. Walgreen Co.*, 719 F.3d 849, 856 (7th Cir. 2013).

Aside from conclusory allegations and legal conclusions, the Trust fails to make any allegation that any defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity. Nor is there any substantive allegation that any defendant further agreed that someone would commit at least two predicate acts to accomplish those goals. The Complaint's conclusory allegations that the Defendants did so are insufficient to state a claim. Regardless the Trust fails to allege a violation

14

of § 1962(c) and, therefore, it cannot plead a conspiracy under § 1962(d) based on that supposed violation. *See id.* at 856-57 ("Having failed to plead facts that would establish a violation of Section 1962(c), the Fund cannot state a claim for conspiracy under Section 1962(d) based on those same facts.")

The Trust cannot allege a violation of § 1962(d) and, therefore, Count II should be dismissed with prejudice.

### III.    Because the RICO claims are the only claims arising under federal law and there is no diversity, this court lacks subject matter jurisdiction and must dismiss the remaining claims.

The remaining counts in the Complaint, Counts III-VIII, must be dismissed because the court lacks subject matter jurisdiction. The Complaint alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c). (Compl. ¶ 13.) Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint relies on its RICO claims for federal jurisdiction, as all other claims arise under state law. *See* (Compl. ¶¶ 49-101.) As discussed above, the Trust's § 1962(c) and § 1962(d) claims fail. As such, there is no basis for original jurisdiction arising under 28 U.S.C. § 1331. Nor is there a basis for diversity jurisdiction under 28 U.S.C. § 1332, as the Complaint's allegations demonstrate that the parties are not completely diverse. *See* (Compl. ¶¶ 3-12); *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) (jurisdiction under § 1332 "requires complete diversity among the parties").

Without original jurisdiction over the RICO claims, or a basis for diversity jurisdiction, the court cannot assert supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining claims, and must dismiss the case in its entirety. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514

(2006) ("[W]hen a federal court concludes it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.")  Therefore, the Court should dismiss the remaining state-law claims, Counts III-VIII, without prejudice for lack of jurisdiction.

**IV.**     **If the Court reaches the state-law claims, Count III should be dismissed because the Trust fails to state a common-law fraud with the required particularity.**

The Trust fails to plead its common-law fraud claim with the required particularity under Rule 9(b) and makes most of its assertions on information and belief.  In Count III, the Trust generally alleges that Flagstad made representations to the Trust regarding the use of funds invested in Folding Light.  *See* (Compl. ¶¶ 49-62.)  The elements of a common-law fraud claim are: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement."  *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 613 (7th Cir. 2013) (citing *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996)).

Under Rule (b), the Trust "must specifically allege the who, what, when, where, and how of the fraud."  *Haywood*, 887 F.3d at 333.  "[A]llegations based on information and belief will not suffice under Rule 9(b) unless (1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides the grounds for his suspicions."  *In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 U.S. Dist. LEXIS 76207, at *42-43 (N.D. Ill. May 19, 2017) (internal quotations omitted) (citing *United States ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1108 (7th Cir. 2014)).

The Trust alleges that, on or about May 2018, Flagstad made representations that the Trust's investment in Folding Light would be used for trading capital and not for Folding Light business expenses.  (Compl. ¶¶ 18- 20.)  The Trust then alleges, upon information and belief, that

Flagstad took funds from Folding Light for his personal use and/or the use of the Corporate Defendants. (Compl ¶¶ 21-22.) However, the Trust fails to specifically allege that the facts constituting the supposed fraud are not accessible to it and fails to provide the grounds for its suspicions. Thus, the allegations regarding a key element of the fraud claim, the supposedly stolen funds, are impermissibly based on information on belief. The Trust's generic, information and belief allegations are insufficient to state a claim for fraud under Rule 9(b). Even if those allegations were sufficient to state a claim against Flagstad, which they are not, the Trust alleges no fraudulent conduct on the part of the Corporate Defendants, let alone the required who, what, when, where, and how of any fraudulent conduct by the Corporate Defendants.

Therefore, if the Court reaches the state-law claims, it should dismiss the common-law fraud claim, Counts III, for failure to state a claim with the particularity required by Federal Rule of Civil Procedure 9(b).

## CONCLUSION

The Trust fails to allege three of the necessary elements for a RICO violation. First, the Trust does not allege that each Defendant played a part in directing or conducting the supposed enterprise. Second, the Trust does not allege that the Defendants shared a common purpose, a requirement to demonstrate an enterprise. Third, the Trust has also failed to allege a pattern of activity on the part of any of the Defendants. Because the Trust's RICO conspiracy claim is based on the supposed RICO violation, the Trust's RICO conspiracy claim also fails. Without either of the RICO claims, the court lacks subject matter jurisdiction over the remaining state-law claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Brock Flagstad, Oxford Marketing Partners, LLC, Oxford Media, LLC; Oxford Tax Partners, LLC, Oxford FG, LLC, Oxford GP, LLC, Freedom Financial Advisors, LLC, and Cloverpoint Partners, LLC, respectfully request that this Court grant this Motion and: (i) dismiss Counts I and II of the Complaint against them with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6); (ii) dismiss the remaining state-law claims, Counts III-VIII, without prejudice for lack of jurisdiction; (iii) if reached, dismiss Count III for failure to state a claim; and (iv) grant all other just relief.

Dated: June 30, 2020

Respectfully submitted,

BROCK FLAGSTAD,
OXFORD MARKETING PARTNERS, LLC,
OXFORD MEDIA, LLC;
OXFORD TAX PARTNERS, LLC,
OXFORD FG, LLC, OXFORD GP, LLC,
FREEDOM FINANCIAL ADVISORS, LLC,
and CLOVERPOINT PARTNERS, LLC

By: /s/  Stan Sneeringer
    One of Their Attorneys

Stan Sneeringer
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
ssneeringer@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for the Defendants*