IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE JAMES STREIBICH REVOCABLE TRUST OF 2002, an Illinois Trust, individually, and derivatively, on behalf of FOLDING LIGHT, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 20 CV 2242 |
| BROCK H. FLAGSTAD, an individual; OXFORD MARKETING PARTNERS, LLC, a Delaware Limited Liability Company; OXFORD MEDIA, LLC, an Illinois Limited Liability Company; OXFORD TAX PARTNERS, LLC, an Illinois Limited Liability Company; OXFORD FG, LLC, an Illinois Limited Liability Company; OXFORD GP, LLC, an Illinois Limited Liability Company; FINANCIAL FREEDOM ADVISORS, LLC, an Illinois Limited Liability Company; and CLOVERPOINT PARTNERS, LLC, an Illinois Limited Liability Company; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Judge Manish S. Shah |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Now comes The James Streibich Revocable Trust of 2002, an Illinois Trust, individually, and derivatively, on behalf of Folding Light, LLC, a Delaware Limited Liability Company, ("Plaintiff" or "Trust") and in response to Brock H. Flagstad; Oxford Marketing Partners, LLC; a Delaware Limited Liability Company; Oxford Media, LLC, an Illinois Limited Liability Company; Oxford Tax Partners, LLC, an Illinois Limited Liability Company; Oxford FG, LLC, an Illinois Limited Liability Company; Oxford, LLC, an Illinois Limited Liability Company; Financial Freedom Advisors, LLC, an Illinois Limited Liability Company; and Cloverpoint

-1-

Partners, LLC, an Illinois Limited Liability Company (the "Defendants") Motion to Stay Discovery, Plaintiff states as follows:

## I. ISSUE PRESENTED FOR THE COURT

The Defendants have moved to stay discovery again claiming this time that responses to the subpoenas requesting documents from Third Party Respondents ("Respondents") will be overly burdensome and too expensive to comply with. The Defendants (and the Respondents) present no evidence and make no showing in the Motion that this assertion is true. The same counsel represents the Defendants and the Respondents. The Respondents lodged rote written objections[1] to the pending subpoenas relying upon the Defendants' Motion. The Motion is factually unsupported and without merit.

## II. PROCEDURAL & DISCOVERY BACKGROUND

Plaintiff filed this action on April 9, 2020. The Defendants responded with a Rule 12(b)(6) Motion to Dismiss. The Court set the Defendants Motion for briefing and specifically ordered that "[t]he parties may commence written discovery while the motion to dismiss is under advisement." Dkt. No. 28. Following the Court's order, Plaintiff issued document subpoenas to the following third party respondents: July 15, 2020 – PNC Bank, Wintrust Bank; August 31, 2020 – American Express, Ameris Bank, Bank of America, Citibank, Fifth Third Bank, JP Morgan Chase, Prime South Bank, US Bank, MB Financial; September 24, 2020 – JP Morgan Securities; November 2, 2020 – Huntington Bank; November 13, 2020 – Channel Clarity Holdings, LLC, Channel Clarity, Inc.; November 16, 2020 – InParallel, LLC, Two Screens Media, LLC.

---

[1] The Third Party Respondents to Plaintiff's Document Subpoenas include: Channel Clarity Holdings, LLC, Channel Clarity, Inc., InParallel, LLC, and Two Screens Media, LLC. Each entity is represented by Defendants' counsel and is taking direction from Defendant Flagstad.

-2-

Plaintiff further propounded a Request for the Production of Documents to each Defendant. Defendants contend they need not answer written discovery either. Notwithstanding their position with respect to written discovery, the Defendants propounded document requests and interrogatories on Plaintiff. On July 23, 2020, the Defendants filed a Motion to Quash subpoenas in their first attempt to block discovery. Dkt. No. 31. The Court denied the Defendants' Motion to Quash and directed the parties to engage in written discovery. Dkt. No. 37. After the Defendants filed this Motion, the Plaintiff requested a Local Rule 37.2 discovery conference as the Defendants had failed to participate in one prior to the Motion's filing. See, Rule 37.2 Declaration of William K. Kane attached hereto as Exhibit 1. On November 25, 2020, the parties conducted a Rule 37.2 discovery conference. During the conference, the Defendants took the position that they would produce no discovery while the Motion to Dismiss is pending. The Respondents, (who are represented by the same counsel) took the same position and are refusing to produce documents.

### A. Limited Discovery Findings

The limited documents which Plaintiff has been able to obtain thus far evidence Defendants wide ranging and *ongoing fraud.* For example, the document subpoena issued on Wintrust Bank, N.A. ("Wintrust"), which the Defendants sought to block, revealed hundreds of thousands of dollars in improper and wrongful financial transfers between the Defendants. In addition, the Wintrust records further revealed bank fraud Defendants committed with fraudulent Paycheck Protection Program ("PPP") loan applications and funds received from Wintrust totaling $643,405. Defendants Oxford Marketing and Oxford Tax each, at Defendant Flagstad's direction, fraudulently sought and obtained PPP loan proceeds of $292,650 and $350,755, respectively. *See,* Plaintiff's Amended Complaint for Injunctive Relief, Damages, and Appointment of a Receiver, pgs. 11-15. (Dkt. No. 42.) Further, a document subpoena issued to

American Express uncovered transaction records showcasing millions of dollars of fraudulent expenses and cash transfers. *See,* Plaintiff's Amended Complaint for Injunctive Relief, Damages, and Appointment of a Receiver, pg. 17 para. 78. (Dkt. No. 42.)

The Trust has a $250,000 investment in Respondent Channel Clarity Holdings, LLC. See, Exhibit 2, Sworn Statement of James Streibich, the Trustee for Plaintiff the Streibich Revocable Trust of 2002. Even without the pendency of this lawsuit, the Trust's membership interest warrants access to financial documents Channel Clarity maintains. In fact, any legitimately run business would have produced the records sought without a subpoena to its investors within days of a request. Not Flagstad, he and the Respondents are refusing to produce even basic corporate financial records to the Trust.

Defendants' second effort to stay discovery should be summarily denied.[2]

**ARGUMENT**

**III. THE COURT HAS PERMITTED THE PARTIES TO ENGAGE IN WRITTEN DISCOVERY WHILE DEFENDANTS' MOTION TO DISMISS IS PENDING**

On July 1, 2020, the Court issued a Minute Entry expressly stating that "[t]he parties may commence written discovery while the motion to dismiss is under advisement. . . ." Dkt. No. 28. Shortly after Defendants filed their Motion to Quash on July 23, 2020, the Court issued another Minute Entry reinforcing this point: "The Court notes that it authorized the parties to commence written discovery, but issues of burden, proportionality, and reasonableness nevertheless apply." Dkt. No. 32.

Plaintiff has engaged in measured written discovery consistent with the Court's order. Plaintiff's pursuit of discovery began with document subpoenas to Wintrust Bank and PNC

---

[2] In the event the Court denies the Defendants' Motion and the Third Party Respondents continue to refuse to produce records despite the Court's order, the Plaintiff will file a Motion for Rule to Show Cause against each of the Third Party Respondents.

Bank – what Plaintiff believed to be Folding Light's primary bank account holders. Following these subpoenas, Plaintiff issued subpoenas to additional financial institutions believed to be tied to the Defendants, specifically to trace funds deposited and withdrawn in the Wintrust and PNC accounts. For example, the document subpoena to Wintrust uncovered countless financial transactions between the Defendants with no apparent underlying business purpose other than to support the Enterprise as alleged in the Amended Complaint. The Wintrust records further revealed a Paycheck Protection Program ("PPP") loan scam Flagstad carried out through Channel Clarity and Defendants Oxford Media and Oxford Tax totaling $643,405. Records received from American Express disclosed startling transaction records of personal shopping sprees on Michigan Avenue, along with personal travel to Colorado and Florida. Eye watering cash transfers between Channel Clarity and the Defendants totaling millions of dollars have further been found. Only after receiving and reviewing this information did the Trust issue additional document subpoenas on the Respondents.

Flagstad holds the USB key to the financial documents for each entity. And, he will not voluntarily produce even basic company records absent a Court order even where as here an investor is making a request. The records sought here bear directly on the fraud claims before the court and the Defendants' ongoing and continuing dissipation of the Trust's assets (and other investors) through the Enterprise. The Plaintiff will be prejudiced if it is not able to obtain and review the Defendants financial information and business activities. The Defendants conduct is continuing and remains unabated despite the filing of this lawsuit. The Plaintiffs' assets are continuing to be illegally and wrongfully dissipated.

## IV. A PENDING MOTION TO DISMISS DOES NOT AUTOMATICALLY WARRANT A STAY OF DISCOVERY

A Motion to Dismiss does not automatically justify a stay in discovery. In fact, the Northern District of Illinois disfavors motions to stay discovery. *Coss v. Playtex Prod., LLC*, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) ("Although stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill."). Contrary to Defendants' argument, "one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *New England Carpenters Health and Welfare Fund v. Abbott Lab.*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (internal citations omitted). Moreover, "the grounds for staying or limiting discovery listed in Rule 26 do not include the legal insufficiency of a complaint." *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.*, No. 99 C 3223, 1999 WL 731773, at *1 (N.D. Ill. Aug. 31, 1999) (citing *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 158 (N.D. Ill. 1993)).

In *Niederhoffer Intermarket Fund, L.P.*, the Northern District denied the defendant's motion to stay discovery where the defendant's "argument for a stay of discovery [was] based entirely on the adequacy of plaintiff's complaint," and a pending motion to dismiss. *Niederhoffer Intermarket Fund, L.P.*, 1999 WL 731773 at *1. The court reasoned that "it is pure speculation" whether or not the motion to dismiss will be successful, and saw "no reason to shut down discovery for three weeks, only to start it back up again should defendant's motion fail." *Id.*; *see also New England Carpenters Health and Welfare Fund v. Abbott Labs.*, 2013 WL 690613 at *2 (denying a motion to stay discovery because the success of motion to dismiss is mere speculation).

### A. There is No Showing of Excessive Costs or Burden to Produce Records.

The Defendants have hitched their Motion to the assertion that the documents sought by the record subpoenas are overly burdensome requests and producing records such as financial statements or balance sheets will be exceedingly costly to each Respondent. *See,* Defendants' Motion to Stay, pg. 3 para. 5. (Dkt. No. 44.). The Respondents however have neither joined the Defendants Motion nor filed a Motion to Quash the Subpoenas. The Defendants add to their story that the Trust is "fishing" for claims. *Id.* What is conspicuously absent is a single fact that demonstrates the document production is burdensome or costly. All we have is the Defendants conclusory statements. The records sought include basic financial records that any company should have at the ready. And, there is not one fact in the Defendants' Motion to support the claim that the Respondents will incur inordinate expenses in producing the records sought. The truth is the Defendants just do not want to produce anything and to anyone, even their own investors. The Defendants are trying to make it as expensive and time consuming as possible to obtain even basic initial discovery in this case.

And contrary to the Defendants assertion, the Trust is not "fishing for claims" through the use of document subpoenas. However, there certainly is the smell of rotten fish in the air. And, as documents have rolled in from financial institutions the smell keeps getting stronger. Moreover, the money the Defendants want to so judiciously spare from being spent on producing business records is investor capital. That capital was provided by the same investors who want to know what has happened to it, including the Trust. There is no showing in the Defendants' Motion that any investor (other than Flagstad of course) has even been informed or approved a legal spend to avoid producing records in a company in which they have invested their hard earned income. Moreover, these Respondents are not large corporations with hundreds of thousands of records being asked from them. Each Respondent's records are in Flagstad's or the

-7-

Defendants' possession. Which means they are resident on Flagstad's portable computer or reside in the "cloud". The document production requests the Defendants are attempting to block amount to downloading information to a USB key.

The Defendants have completely failed to provide any showing let alone a clear showing of the claimed burden or costs associated with the document requests to the Respondents or them. *See New England Carpenters Health and Welfare Fund*, 2013 WL 690613 at *2; *Syngenta Seeds, Inc.*, 2007 WL 3256848 at *2 (denying a motion to stay discovery where the defendants failed to demonstrate that they would be burdened by additional discovery). See also, *Harper v. Central Wire*, 2020 WL 5230746, (W. D. Ill. 2020) ("Defendants do not provide any estimate of the cost associated with responding to the discovery, nor do they provide an affidavit or other support for their allegation of undue burden. Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery. See U.S. ex rel. Robinson, 2015 WL 3961221, at *5; Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc., No. 1:11-CV-00430-WTL, 2011 WL 4538089, at *2 (S.D. Ind. Sept. 29, 2011)).

All the Motion states in conclusory terms is that "discovery in RICO cases is especially burdensome and costly." See, Defendants Motion to Stay Discovery, pg. 4. para. 15. Defendants have not made a any showing why discovery in this case is overly burdensome. They should thus be held to the Order already entered on this issue. And, even assuming, *arguendo*, Defendants had a plausible argument supporting the overburden of responding to discovery (they do not), the probative value of what has already been uncovered outweighs any such burden.

Finally, the Defendants here are asking in effect for the court to make a preliminary finding on the likelihood of success on the merits. This approach "circumvents the usual procedures for ruling on the motion," and is inappropriate. *New England Carpenters Health and Welfare Fund v. Abbott Labs.*, 2013 WL 690613 at *2. The courts have instructed that "[p]ermitting a stay of discovery simply upon the filing of [a dispositive motion] would allow the exception to swallow the rule." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007). Here, Defendants Motion is also an effort to obtain an early merits ruling. Even with the limited document discovery conducted so far, substantial material evidence of an ongoing fraudulent Enterprise has been uncovered. Although the Defendants refer to the Amended Complaint in their brief as including new "colorful, and irrelevant allegations", millions of dollars have gone missing. The "colorful allegations" are real and they are green. The Defendants' Motion is an uninspiring effort to block the production of fundamental business records in an effort to hide a continuing and ongoing fraudulent enterprise.

## CONCLUSION

Wherefore, for all the forgoing reasons, the Plaintiff, The James Streibich Revocable Trust of 2002, an Illinois Trust, individually, and derivatively, on behalf of Folding Light, LLC, a Delaware Limited Liability Company, respectfully requests the Court enter an Order denying

Defendants' Motion to Stay Discovery, and for such other and further relief the court deems as just.

Dated:  December 11, 2020

Respectfully submitted,

THE JAMES STREIBICH REVOCABLE TRUST OF 2002, an Illinois Trust, individually, and Derivatively, on behalf of FOLDING LIGHT, LLC, a Delaware Limited Liability Company


By:  /s *William K. Kane*
One of Its Attorneys
William K. Kane, Esq. (6194466)
David M. Poell, Esq.(6302765)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Three First National Plaza
70 West Madison Street, 48th floor
Chicago, Illinois 60602
Telephone:  312.499.6300
Facsimile:  312.499.6301
wkane@sheppardmullin.com
dpoell@sheppardmullin.com

*Counsel for Plaintiff,* The James Streibich Revocable Trust of 2002, an Illinois Trust, individually, and derivatively, on behalf of Folding Light, LLC, a Delaware Limited Liability Company.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2020, I electronically filed the foregoing Plaintiff's Response to the Defendants Second Motion to Stay Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ William K. Kane
William K. Kane